IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| OWEN BELL )<br>　　Plaintiff, )<br>v. )<br> )<br>FRED C. STATUM, III and )<br>MANIER& HEROD )<br>　　Defendants. ) | CASE NO. 3:17-cv-960<br>Chief Judge Crenshaw/Frensley |

## REPORT AND RECOMMENDATION

Pending before the Court is the Motion of Fred C. Statum, III and Manier & Herod to Dismiss Complaint For Lack Of Subject Matter Jurisdiction (Docket No. 7) along with supporting memorandum of law (Docket No. 8) in which the Defendants move to dismiss the complaint for lack of subject matter jurisdiction. Plaintiff has responded to the motion by filing a Motion to Quash the 27 July 2017 Motion of Fred Statum III for Dismissal of this Case along with numerous attachments (Docket No. 11) and Memorandum in Support of Motion to Quash the 27 July 2017 Motion of Fred Statum III for Dismissal of this Case (Docket No. 12). For the reasons stated herein, the undersigned recommends that the Motion to Dismiss Complaint For Lack Of Subject Matter Jurisdiction be GRANTED.

### Relevant Facts

Plaintiff brought this action against the defendant by the filing of a complaint the title of which is "OBSTRUCTION OF JUSTICE." Docket No. 1. The allegations set forth in the Complaint are as follows in their entirety:

> I believe that Fred Statum, III is fully aware of the multiple falsifications that were made by Mark Dietz et al during the 2014 Trial, Case No. 3:11-0674. I also believe that Fred Statum, advised Mark Dietz et al to vehemently deny making any falsifications, in order for him to continue to make hundreds of dollars per hour conjuring up deceitful ways to continue with his attempts to block the very apparent (obvious) adverse evidence of the falsifications. I believe

that Mark Dietz et al are very fearful of the conclusions (verdicts) that a jury will make and the amount of monetary and punitive damages that the jury will award.

Fred Statum, III is willfully interfering with the legal process, Lawsuit Case No. 3:16-cv-02064, in which Owen Bell is trying to expose the falsifications made during the Mar 2014, Case No. 3: 11-0674. The trial against Owen Bell by Mark Dietz et al

Defendants Fred C. Statum III and Manier & Herod argue the Complaint, "is devoid of any mention of the grounds upon which this court can exercise subject matter jurisdiction. Docket No. 8, p. 2. They note, Plaintiff's "Complaint contains no mention, by statutory cite or otherwise, the basis upon which the Court can exercise subject matter jurisdiction" and "to the extent any cognizable cause of action is stated there is no allegation or indication it arises out of the Constitution, laws or treaties of the United States." *Id*. Defendants further argue that there are no grounds for the court to exercise subject matter jurisdiction under the diversity analysis of 28 U. S. C. § 1332 or any other basis for subject matter jurisdiction. *Id.* at pp. 2-3. Because there is no subject matter jurisdiction the defendants assert the complaint should be dismissed. *Id.*

**Analysis**

The Court is required to construe the complaint in the light most favorable to the plaintiff and to accept all well-pleaded allegations of fact as being true. *Collins v. Nagle*, 892 F. 2d 489, 493 (6th Cir. 1989). Despite the Court's responsibility to liberally construe the complaint in the plaintiff's favor, "more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F. 2d 434, 436 (6th Cir. 1988). Accordingly, the Court does not have to accept as true mere legal conclusions and unwarranted inferences of fact. *Morgan v. Churchs Fried Chicken*, 829 F. 2d 10, 12 (6th Cir. 1987).

Finally, while pro se complaints are to be construed liberally (*Haines v. Kerner*, 404 U.S.

519, 520 (1972)), that liberality does not allow a court to conjure up unpled facts. *McFadden v. Lucas*, 713 F. 2d 143, 147 n.4 (5th Cir. 1983); *Slotnick v. Staviskey*, 560 F. 2d 31, 33 (1st Cir. 1977), *cert. denied*, 434 U.S. 1077 (1978).

**Subject Matter Jurisdiction**

Federal district courts are courts of limited jurisdiction. *Bender v. Williamsport Area Sch. Dist.*, 475 US 534, 541 (1986) (citations omitted). "To determine whether a claim arises under federal law, a court, under the well-pleaded-complaint rule, generally looks only to the plaintiff's complaint." *Gentek Building Products, Inc. v. Sherwin-Williams Co*., 491 F. 3d 320, 325 (6th Cir. 2007) (citing *Palkow v. CSX Transp., Inc*., 431 F. 3d 543, 552 (6th Cir. 2005)). For jurisdictional purposes, a claim arises under federal law only where plaintiff's statement of the cause of action affirmatively shows that it is based on federal law. *Beneficial Nat' L Bank v. Anderson,* 539 U. S. 1, 6-8 (2003). "Federal question jurisdiction can be established by showing 'federal law creates the cause of action or that the plaintiff[']s right to relief necessarily depends on resolution of a substantial question of federal law.'" *Warthman v. Genoa Twp Board Trustees*., 549 F. 3d 1055, 1061 (6th Cir. 2008) (quoting *Franchise Tax Board v. Constr. Laborers Vacation Trust of S. Cal.*, 463 U. S. 1, 27-28 (1983)).

**Diversity Jurisdiction**

In order for diversity jurisdiction to exist there must be complete diversity of citizenship. *Exact Software N. Am., Inc. v. Demoises*, 718 F. 3d 535, 541 (6th Cir. 2013). The plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction. In a diversity action, the plaintiff must state the citizenship of all parties so that the existence of complete diversity can be confirmed. *Chemical Leaman Tank Lines, Inc. v. Aetna Cas. And Sur. Co.,* 177 F. 3rd 210, 222, n. 13 (3rd Circuit 1999).

3

**The Case at Bar**

Looking at Plaintiff's Complaint, there is simply no claim pled arising under the Constitution, treaties or laws in the United States that would provide federal jurisdiction. Plaintiff's reference to nonexistent or vague federal laws is insufficient to satisfy the well pleaded complaint rule and thus there is no basis for federal question jurisdiction in this action.

Construing the pro se plaintiff's pleadings liberally, he has failed to plead any facts that would allow this court to exercise subject matter jurisdiction over the Complaint. Apart from not referencing any federal status or other legal authority, the substance of his complaint does not provide any indication that it arises under the Constitution, treaties or laws of the United States. Therefore, there is no federal question subject matter jurisdiction over Plaintiff's complaint. Similarly, while the Complaint does not allege citizenship of either of the parties, Mr. Bell does submit the complaint indicating his address to be within the state of Tennessee. Docket No. 1, p. 2. He further states that a copy was provided to the defendant at an address in Tennessee as well. The summons is likewise to the defendant at an address in Tennessee. Docket No. 5. Finally, the Defendant, Statum, has filed a declaration that he is a resident of the state of Tennessee. Docket No. 10. For these reasons, it is clear that there is no diversity of citizenship among the parties in this action. Therefore, there is no basis for subject matter jurisdiction based on diversity.

This analysis applies equally to Defendant Manier & Herod. While named as a Defendant is the style of the case, there are no allegations contained in the body of the Complaint against Manier & Herod specifically. While the court notes that Mr. Statum is an attorney practicing with the firm of Manier & Herod, there is no basis asserted in the Complaint that would create liability for Manier & Herod on those grounds. To the extent the court lacks any subject matter jurisdiction over any claims against Manier & Herod, the undersigned recommends that the

4


Case 3:17-cv-00960   Document 13   Filed 01/11/18   Page 4 of 5 PageID #: 97

Motion to Dismiss should be GRANTED as to this Defendant as well.

For these reasons, the undersigned recommends that the Defendants' Motion to Dismiss For Lack Of Subject Matter Jurisdiction (Docket No. 7) be GRANTED and that the Plaintiff's Motion to Quash the 27 July 2017 Motion of Fred Statum III for Dismissal of this Case (Docket No. 11) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**JEFFERY S. FRENSLEY**
**U. S. Magistrate Judge**